# IN THE COURT OF APPEALS OF IOWA

No. 19-1331
Filed January 21, 2021

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**JAMODD AMAUL SALLIS,**
 Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

Following remand, Jamodd Sallis appeals the denial of his motion for new trial on charges of possession of a firearm by a felon and carrying weapons. **AFFIRMED.**

Erin M. Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Ahlers, JJ.

**DOYLE, Presiding Judge.**

A jury found Jamodd Sallis guilty of possession of a firearm by a felon and carrying weapons. On direct appeal, this court determined sufficient evidence supported the possession conviction. *State v. Sallis*, No. 17-1842, 2019 WL 325019, at *2-3 (Iowa Ct. App. Jan. 23, 2019). However, we vacated the denial of Sallis's motion for new trial and remanded to the district court to reconsider the motion under the weight-of-the-evidence standard. *Id.* at *3-4. On remand, the district court determined the verdict is not contrary to the weight of the evidence and denied the motion for new trial.

Sallis appeals the denial of his motion for new trial. We review rulings on motions for new trial for abuse of discretion. *See State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006). Our "review is limited to a review of the exercise of discretion by the trial court, not of the underlying question of whether the verdict is against the weight of the evidence." *State v. Reeves*, 670 N.W.2d 199, 203 (Iowa 2003). Because a motion for new trial alleging the verdict is against the weight of the evidence concedes sufficient evidence to support the jury's verdict, a motion for new trial should be granted only in extraordinary cases when "the evidence preponderates heavily against the verdict rendered." *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016).

The district court properly exercised its discretion in denying Sallis's motion for new trial. At a hearing following remand, the district court noted that three witnesses testified that they observed Sallis with a gun. The court found these witnesses' observations more credible than the testimony of defense witnesses who denied seeing Sallis with a gun. The court also noted that the "defense

witnesses were not personally present at all the relevant times" and their testimony did not directly contradict the specific testimony the court found most credible. For those reasons, the court concluded that the evidence did not weigh heavily against the verdict and "a greater amount of the credible evidence supports the verdict." Although Sallis disputes the district court's findings, he fails to show any abuse of discretion. We therefore affirm.

**AFFIRMED.**